IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


JEFFREY R. HIRSCHKORN,
       Plaintiff,

vs.                                  Case No.: 3:14cv18/LAC/EMT

MICHAEL D. CREWS, et al.,
       Defendants.
_____/

## REPORT AND RECOMMENDATION

       Plaintiff initiated this action by filing a civil rights complaint (doc. 1).  Leave to proceed in forma pauperis has been granted (doc. 4).  On October 6, 2014, the court gave Plaintiff the opportunity file an amended complaint because it concluded that the allegations of the initial complaint failed to state a claim for relief (doc. 13).

       On October 9, 2014, the clerk docketed and referred to the undersigned Plaintiff's "Motion for Emergency Injunction" (doc. 15).  In this motion, Plaintiff seeks an "injunction against tortu[r]ous and constitutionally deprived actions by Santa Rosa CI officials['] frivolous [disciplinary reports] and deprivation of access to courts . . ."; specifically, Plaintiff seeks an order directing his transfer "from [Santa Rosa Correctional Institution] immediately so no further reprisal or retaliation occurs" (*id.* at 2).

       The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted).  The district court, however, must exercise its discretion in light of whether:

    1.     There is a substantial likelihood that Plaintiff will prevail on the merits;

    2.     There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3.    The threatened injury to Plaintiff outweighs the threatened harm the injunction will do to the defendant; and

4.    The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Importers, Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted). Injunctions should be granted for definite, future injuries, not conjectural ones. Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994).

It is well established that prisoners have no right to remain in a particular institution with particular rules, regulations, and privileges. *See* Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976). As long as the conditions or degree of confinement to which a prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, prison officials have broad discretion to order the transfer of inmates. *See* Montayne, 427 U.S. at 242. Federal courts are normally reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so. *See* Procunier v. Martinez, 416 U.S. 396, 404–05, 94 S. Ct. 1800, 40 L. Ed. 2d 224 (1974), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989); Newman v. Ala., 683 F.2d 1312, 1320 (11th Cir. 1982).

Prisoners do have a right to be free from retaliatory punishment for the exercise of a constitutional right. *See* Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986); Bridges v. Russell, 757 F.2d 1155 (11th Cir. 1985). Mere conclusory allegations of retaliation, however, are insufficient. *See* Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986); *see also* Goldsmith v. Mayor and City Council of Baltimore, 987 F.2d 1064, 1071 (4th Cir. 1993); Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987); Gill v. Mooney, 824 F.2d 192, 194 (2d Cir. 1987). The prisoner plaintiff must sufficiently allege facts establishing that the actions taken against him were in retaliation for filing lawsuits and accessing the courts. Wright, 795 F.2d at 968.

Plaintiff must come forward with more than "general attacks" on Defendants' motivations and must produce "affirmative evidence" of retaliation.  Crawford-El v. Britton, 523 U.S. 574, 118 S. Ct. 1584, 1598, 140 L. Ed. 2d 750 (1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256–57, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986)).  "The relevant showing . . . must be more than the prisoner's 'personal belief that he is the victim of retaliation.'"  Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (quoting Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995)).  Plaintiff must be prepared to show that the allegedly retaliatory conduct would not have occurred but for the retaliatory motive, Jackson v. Fair, 846 F.2d 811, 820 (1st Cir. 1988), and he must allege a causal link between the protected activity and the adverse treatment.  Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983).

Moreover, appropriate deference should be afforded to prison officials "in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory."  Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995) (citing Sandin v. Conner, 115 S. Ct. 2293, 2299 (1995)).  And, because regulatory actions taken by prison officials are presumed to be reasonable, the inmate must produce "specific, nonconclusory factual allegations that establish improper motive causing cognizable injury. . . ."  Crawford-El, 118 S. Ct. at 1596–97; Harris v. Ostrout, 65 F.3d 912, 916–17 (11th Cir. 1995); see also Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (because claims of retaliation may be easily fabricated, they should be reviewed with skepticism).

In support of his claim of retaliation, Plaintiff maintains that he is "consistently targeted" for frivolous disciplinary reports and at present "remains in confinement on 2 bogus infractions," one for lying to staff about a legitimate deadline and one for disrespect to officials (doc. 15 at 2).  Plaintiff's allegations fall far short of showing there is a substantial threat that he will suffer irreparable injury if the injunction is not granted.  Moreover, Plaintiff has failed to show there is a substantial likelihood he will prevail on the merits in this action.  First, in its order issued on October 6, 2014, the court directed Plaintiff to submit an amended complaint because the initial complaint failed to state a constitutional claim.  Second, the conclusory allegations presented in the instant motion amount to no more than Plaintiff's personal belief that he is the victim of retaliation.  Johnson, 110 F.3d at 310.  They do not establish that the actions taken against him were in retribution for filing lawsuits and accessing the courts, see Wright, 795 F.2d at 968, nor do they

implicate a causal link between any protected activity and the alleged adverse treatment.  Flaherty, 713 F.2d at 13.  In addition, as discussed above, deference to prison officials in regard to their administrative decisions is required absent a clear retaliatory motive, which has not been alleged or shown here.

For the foregoing reasons, Plaintiff's motions for injunctive relief should be denied without prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Motion for Emergency Injunction" (doc. 15) be **DENIED**.

At Pensacola, Florida, this 14<u>th</u> day of October 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**